**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 16-29208 |
| ZIVKO KNEZOVIC, | ) | |
| | ) | Hon. Pamela S. Hollis |
| Debtor. | ) | Room 644 |
| | ) | Hearing Date:  September 22, 2016 |
| | ) | Hearing Time: 10:00 a.m. |

## NOTICE OF MOTION

To:     See Attached Service List

PLEASE TAKE NOTICE THAT on September 22, 2016 at 10:00 a.m., we shall appear before the Honorable Pamela S. Hollis, or any other Judge sitting in her stead in Courtroom No. 644, 219 South Dearborn, Chicago, Illinois, at which time we shall present **DEBTOR'S EMERGENCY MOTION FOR USE OF CASH COLLATERAL (INTERIM HEARING),** a copy of which is attached hereto a served upon you, and shall pray for the entry of an order in conformity with said pleading, at which time and place you may appear if you so see fit.

                              **ZIVKO KNEZOVIC,** Debtor


                          By**:**     /s/ Ariel Weissberg
                              One of its attorneys


Ariel Weissberg, Esq. (Attorney No. 03125591)
Rakesh Khanna, Esq. (Attorney No. 06243244)
Devvrat Sinha, Esq. (Attorney No. 6314007)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, Illinois  60605
T.  312-663-0004
F.  312-663-1514

1

# **CERTIFICATE OF SERVICE**

      I, Ariel Weissberg, certify that on September 14, 2016, I caused to be served **DEBTOR'S EMERGENCY MOTION FOR USE OF CASH COLLATERAL (INTERIM HEARING)** to be filed electronically. Notice of this filing was sent to all parties registered with the court's ECF electronic transmission, including to the following parties:

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027
USTPRegion11.ES.ECF@usdoj.gov

and on September 19, 2016 by electronic transmission to the following parties:

Urban Partnership Bank
c/o Taft, Stettinius & Hollister L.P.
Jillian S. Cole, Esq.
William Serritella, Esq.
11 E. Wacker, Suite 2800
Chicago, IL 60601
By Email: jcole@taftlaw.com
By Email: wserritella@taftlaw.com

First Midwest Bank
c/o Gomberg Sharfman Gold & Ostler
Ray Ostler, Esq.
208 S. LaSalle St., Suite 1410
Chicago, IL 60604
By Email: rostler@gsgolaw.com

Karlo M. Karacic, Esq.
161 N. Clark St., Suite 2500
Chicago, IL 60601
By Email: karlo@karaciclaw.com

Oxford Bank and Trust
c/o Dimonte & Lizak
Derek D. Samz, Esq.
216 W. Higgins Road
Park Ridge, IL 60068
By Email: dsamz@dimontelaw.com

Boris Tomacic
161 N. Clark St., Suite 2500
Chicago, IL 60601
By Email: karlo@karaciclaw.com

1332 W. 82, LLC
c/o Karlo M. Karacic, Esq.
8254 S. Racine Avenue
Chicago, IL 60620

Walden Property Holdings II, LLC
c/o Karlo M. Karacic, Esq.
10500 South Walden Parkway
Chicago, IL 60643
By Email: karlo@karaciclaw.com

Walden Property Holdings, LLC
c/o Karlo M. Karacic, Esq.
10208 S. Walden Parkway
Chicago, IL 60643
By Email: karlo@karaciclaw.com

and September 19, 2016 to the following parties by the method so noted below:

Legal Department -- Legal Services Office MC5-500
Illinois Department of Revenue
101 West Jefferson
Springfield, IL  62794
**By 1st Class Mail**

Illinois Department of Revenue
Bankruptcy Section, Level 7−425
100 W. Randolph Street
Chicago, IL  60606
**By Fax: 312-814-4045**

District Director
Internal Revenue Service
230 S. Dearborn St., Room 2890
Chicago, IL  60604
**By Personal Delivery**

District Counsel
Internal Revenue Service
200 West Adams, Suite 2300

Chicago, IL  60606
**By Fax: 312-368-8713**

Kathryn Keneally
Tax Division (DOJ)
P.O. Box 55
Ben Franklin Station
Washington, DC  20044
**By Fax: 202-514-5238**

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346
**By First Class U.S. Mail**

U.S. Attorney
219 S. Dearborn Street
Chicago, IL  60604
**By Personal Delivery**

and on September 19, 2016 to the following parties by first class U.S. mail, postage prepaid:

Capital One
PO Box 5294
Carol Stream, IL 60197-5294

Chase Card Services
Cardmember Services
P.O. Box 15153
Wilmington, DE 19886-5153

Cook County Treasurer
118 N. Clark St., Room 112
Chicago, IL 60602

Hale Street Holdings, LLC
8254 S. Racine Ave.
Chicago, IL 60620

Home Depot Credit Services
P.O. Box 78011
Phoenix, AZ 85062-8011

JPMorgan Chase
P.O. Box 90011871
Louisville, KY 40290-1871


_____/s/ Ariel Weissberg_____
Ariel Weissberg

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 16-29208 |
| ZIVKO KNEZOVIC, | ) | |
| | ) | Hon. Pamela S. Hollis |
| Debtor. | ) | Room 644 |
| | ) | Hearing Date: September 22, 2016 |
| | ) | Hearing Time: 10:00 a.m. |

**DEBTOR'S EMERGENCY MOTION FOR USE OF CASH COLLATERAL**
**(INTERIM HEARING)**

NOW COMES Debtor, Zivko Knezovic ("Debtor"), by his attorneys, Ariel Weissberg, Devvrat Sinha and the law firm of Weissberg and Associates, Ltd. and as *Debtor's Motion for Use of Cash Collateral (Interim Hearing)*, states as follows:

### I.  INTRODUCTION

1. On September 13, 2016, Debtor filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division seeking to reorganize under Chapter 11 of the Bankruptcy Code. Since then, Debtor has been managing his assets as a debtor-in-possession.

2. Debtor is engaged in the business of owning and managing, among other properties, the following real properties: (a) 8100 South Loomis, Chicago, Illinois ("Loomis Property"); (b) 1305 West 82nd Street, Chicago, Illinois ("82nd Street Property"); and, (c) 7928 South Morgan, Chicago, Illinois ("Morgan Property").

3. The South Loomis Property is a commercial property of a basement and three floors with twelve (12) residential units. A recent rent roll is attached hereto and made a part hereof as Exhibit 1. The title to the Loomis Property is owned in a land trust (Chicago Title

Land Trust Company, not personally, but as trustee u/t/a dated 07/08/05 and known as trust number 1114552 (the "Land Trust"). One-third of the beneficial interest in the Land Trust is owned by Debtor, with Karlo Karacic and Boris Tomacic owning the balance of the beneficial interest in the Land Trust.

4. The 82nd Street Property is a commercial property comprising of four floors with twelve (12) residential units. A recent rent roll is attached hereto and made a part hereof as Exhibit 2. The title to the 82nd Street Property is owned in the Land Trust.

5. The Morgan Property is a commercial property comprising of three floors with eleven (11) residential units. A recent rent roll is attached hereto and made a part hereof as Exhibit 3. The title to the Morgan Property is owned in the Land Trust.

6. On or about August 5, 2005, Debtor and co-borrowers, Karlo Karacic and Boris Tomacic (collectively, "Borrowers") borrowed $1,500,000.00 from ShoreBank (the "Loan") for business purposes. The Loan was evidenced by a promissory note executed by the Borrowers, dated August 5, 2005, in the principal amount of $1,500,000.00 (the "Note").

7. Contemporaneously with the execution of the Note, the Land Trust executed a mortgage in favor of ShoreBank on the Loomis Property, the 82nd Street Property and the Morgan Property (collectively, the Properties") to secure the indebtedness due under the Note (the "Mortgage").

8. On or about August 20, 2010, ShoreBank was closed by the FDIC, and the FDIC was appointed as Receiver thereof. The FDIC, as Receiver for ShoreBank, succeeded to all rights, titles and powers and privileges of ShoreBank, pursuant to § 12 U.S.C. 1821 (c)(3)(a).

9. Thereafter, the FDIC assigned all of its interests in the Note and Mortgage to Urban Partnership Bank ("UPB").

10. Debtor initiated this bankruptcy case to reorganize and Debtor asserts that in the next 90 days, or less, Debtor will file a confirmable Plan of Reorganization and a Disclosure Statement. This Plan will propose that the Debtor retain ownership of the Properties, with payment in full to UPB and all of Debtor's creditors.

11. Debtor has the need to use the proceeds of the rents generated from the Properties, which are encumbered by the first mortgage of UPB. These proceeds are the "cash collateral" of UPB.

12. Debtor needs to use these rent proceeds to pay the ordinary and necessary post-petition operating expenses of the Properties. Without the use of this cash collateral, Debtor cannot operate the Properties or pay the expenses for the following: insurance, utilities, real estate taxes, maintenance and supplies. These ordinary and necessary expenses equal $4,070.00 per month for the Loomis Property; $3,798.00 per month for the 82nd Street Property; and $3,727.00 per month for the Morgan Property. A budget setting forth the income and expenses for each of the Properties is appended hereto as Exhibit 4 ("Budget").

13. Presently, Debtor has no realistic source of funds other than these rent proceeds to pay these operating expenses. Debtor would be severely prejudiced if he could not use the cash collateral representing the rent proceeds from the Properties.

**II.  THE COURT SHOULD GRANT DEBTOR THE RIGHT
        TO USE CASH COLLATERAL**

14. The Budget sets forth the uses of Debtor's rents, totaling approximately $24,640.00 per month for each of the Properties, which Debtor must use on an emergency and interim basis, pending a final hearing on Debtor's use of cash collateral after notice to all creditors pursuant to FRBP 2002; and, on a continuing monthly basis pursuant to the entry of an

order approving Debtor's use of cash collateral on a final basis.

15. Debtor proposes that UPB may be entitled to certain protections for the use of this cash collateral, including but not limited to the following:

   A. Debtor is willing to pay monthly payments in the amount of $3,100.00, which shall be applied to the outstanding interest, principal and expenses due to the UPB, and $1/12^{th}$ of the estimated annual real estate taxes for the Loomis Property, the 82nd Street Property and the Morgan Property;

   B. The right to inspect the Loomis Property, the 82nd Street Property and the Morgan Property and upon 24 hours prior written notice to Debtor; and

   C. An administrative priority claim in accordance with Section 507(b) of the Bankruptcy Code to the extent that "adequate protection" provided to the Debtor pursuant to this Motion proves inadequate to protect the Debtor's interest in the cash collateral.

16. The foregoing payments and rights are sufficient to protect the interests of UPB and satisfies the requirements of Sections 361 and 362 of the Bankruptcy Code, among other reasons, because Debtor is currently operating profitably, and the value of the Loomis Property, the 82nd Street Property and the Morgan Property is not declining.  Debtor projects that the revenues from the Properties will remain at least constant, and that the operating expenses of the Properties will not increase, except for certain improvements the Debtor will make to the Properties in the future.

17. This court has jurisdiction over this case pursuant to 28 U.S.C. Section 1334(a) and this is a "core matter" pursuant to 28 U.S.C. Section 157(b)(2)(M).

18. In light of the foregoing, this Court should grant Debtor the use of the rent

proceeds from the Properties on an interim basis pursuant to the Budget; and, after notice to all creditors, at a final hearing to be set by the court, the use of cash collateral pursuant to the aggregate of the Budget.  Also, this Court should grant payments to UPB, as set forth in paragraph 15(A) of this Motion pursuant to 11 U.S.C. Sections 361 and 362.

WHEREFORE, the Debtor, Zivko Knezovic, prays that this court enter an order as follows:

(a)   allowing Debtor the interim use of his cash collateral subject to a final hearing;

(b)   allowing Debtor to pay Urban Partnership Bank the payments provided in paragraph 15(a), above;

(c)   setting a final hearing for Debtor's use of cash collateral; and,

(d)   for such other and further relief as this Court deems just and proper.

**ZIVKO KNEZOVIC,** Debtor


By:   /s/ Ariel Weissberg
      One of his attorneys


Ariel Weissberg, Esq.  (No.  03125591)
Rakesh Khanna, Esq. (No. 06243244)
Devvrat Sinha, Esq. (No. 6314007)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL  60605
T.  312-663-0004
F.  312-663-1514