**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 16-29208 |
| | ) | Hon.  Pamela S. Hollis |
| ZIVKO KNEZOVIC, | ) | Room 644 |
| | ) | |
| Debtor. | ) | Hearing Date:  June 7, 2018 |
| | ) | Hearing Time: 10:00 a.m. |

**NOTICE OF HEARING ON FIRST AND FINAL FEE APPLICATION FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES FOR THE ATTORNEYS OF WEISSBERG AND
ASSOCIATES, LTD., COUNSEL TO ZIVKO KNEZOVIC, FOR THE PERIOD
FROM SEPTEMBER 12, 2016 THROUGH MAY 15, 2018**

**PLEASE TAKE NOTICE** that on **June 7, 2018, at 10:00 a.m.**, we shall appear before

the Honorable Pamela S. Hollis, Room 644, United States Bankruptcy Court, 219 South

Dearborn, Chicago, Illinois 60604, and shall then and there present the **First and Final Fee**

**Application for Allowance of Compensation for Services Rendered and Reimbursement of**

**Expenses for Weissberg and Associates, Ltd., Counsel to the Debtor, for the Period from**

**September 12, 2016 Through May 15, 2018** (the "Final Fee Application") at which time and

place you may appear as you see fit.

**PLEASE TAKE FURTHER NOTICE** that Weissberg and Associates, Ltd. ("W&A")

seeks to have this Court enter an order: (a) allowing and approving $77,502.50 in final

compensation for W&A for legal services from September 12, 2016 through May 15, 2018; (b)

allowing and approving $2,764.71 in final reimbursement for costs and expenses incurred by

W&A in this bankruptcy case; and (c) authorizing and directing the Debtor to pay W&A

$64,408.71in fees and expenses, which represents the total amount requested pursuant to this

Final Fee Application, after application of the $15,858.50 Advanced Payment Retainer.

**PLEASE TAKE FURTHER NOTICE** that any party wishing to object to the Final Fee

Application shall, on or before **June 1, 2018**, (i) file such objection with the Clerk of the United

States Bankruptcy Court, at 219 South Dearborn, Chicago, Illinois 60604; and (ii) deliver such

objection to the undersigned at W&A. **If you do not object to the relief requested, an Order**

**will be presented to the Court and the relief requested may be granted.**

Dated: May 15, 2018                              Respectfully submitted,

                                                 **ARIEL WEISSBERG AND WEISSBERG AND**
                                                 **ASSOCIATES, LTD.** Applicants


                                                 By:_____/s/ Ariel Weissberg_____
                                                     One of their attorneys


Ariel Weissberg, Esq. (03125591)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605
T. (312) 663-0004
F. (312) 663-1514
F. 312-663-1514

## CERTIFICATE OF SERVICE

I, Ariel Weissberg, an attorney, hereby certify that on May 15, 2018, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing **NOTICE OF HEARING ON FIRST AND FINAL FEE APPLICATION FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE ATTORNEYS OF WEISSBERG AND ASSOCIATES, LTD., COUNSEL TO ZIVKO KNEZOVIC, FOR THE PERIOD FROM SEPTEMBER 12, 2016 THROUGH MAY 15, 2018** and the accompanying *Application* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List, including the following:

Patrick S. Layng, Esq.
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604-2027
Email: USTPRegion11.ES.ECF@usdoj.gov

First Midwest Bank
c/o Raymond J. Ostler, Esq.
Gomberg Sharfman Gold & Ostler
208 S. LaSalle St., Suite 1410
Chicago, IL 60604
Email: rostler@gsgolaw.com

Bank of America, N.A.
c/o Sarah E. Willms, Esq.
P.O. Box 165028
Columbus OH 43216-5028
Email: sew@manleydeas.com

and on May 15, 2018 upon the following parties, who are not CM/ECF participants, by placing true and correct copies in sealed envelopes with postage thereon fully prepaid, in the United States mail in Chicago, Illinois, addressed as set forth below:

Zivko Knezovic
6650 N. Nokomis
Chicago, IL 60712

Illinois Department of Revenue
Bankruptcy Section, Level 7−425
100 W. Randolph Street
Chicago, IL  60606

District Director
Internal Revenue Service
230 S. Dearborn St.
Mail Stop 5016-CHI
Chicago, IL  60604

District Counsel
Internal Revenue Service
200 West Adams, Suite 2300
Chicago, IL  60606

Caroline D. Ciraolo
Tax Division (DOJ)
P.O. Box 55
Ben Franklin Station
Washington, DC  20044

U.S. Attorney
219 S. Dearborn Street
Chicago, IL  60604

Legal Department
Illinois Department of Revenue
Legal Services Office MC5-500
101 West Jefferson
Springfield, IL  62794

1332 W. 82, LLC
8254 S. Racine Avenue
Chicago, IL 60620

Boris Tomacec
161 N. Clark St., Suite 2500
Chicago, IL 60601

Capital One
PO Box 5294
Carol Stream, IL 60197-5294

Chase Card Services
Cardmember Services
P.O. Box 15153
Wilmington, DE 19886-5153

Cook County Treasurer
118 N. Clark St., Room 112
Chicago, IL 60602

Hale Street Holdings, LLC
8254 South Racine Avenue
Chicago, IL 60620

Home Depot Credit Services
P.O. Box 78011
Phoenix, AZ 85062-8011

JPMorgan Chase
P.O. Box 90011871
Louisville, KY 40290-1871

Karlo M. Karacic
161 N. Clark St., Suite 2500
Chicago, IL 60601

Oxford Bank and Trust
c/o Dimonte & Lizak
216 W. Higgins Road
Park Ridge, IL 60068

Walden Property Holdings II, LLC
Walden Property Holdings, LLC
10500 South Walden Parkway
Chicago, IL 60643


                              /s/ Ariel Weissberg
                              Ariel Weissberg

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 16-29208 |
| | ) | Hon.  Pamela S. Hollis |
| ZIVKO KNEZOVIC, | ) | Room 644 |
| | ) | |
| Debtor. | ) | Hearing Date:  June 7, 2018 |
| | ) | Hearing Time: 10:00 a.m. |

**SUMMARY OF FIRST AND FINAL FEE APPLICATION FOR ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES FOR THE ATTORNEYS OF WEISSBERG AND ASSOCIATES, LTD.,
COUNSEL TO ZIVKO KNEZOVIC, FOR THE PERIOD
FROM SEPTEMBER 12, 2016 THROUGH MAY 15, 2018**

Name of Applicants:                Weissberg and Associates, Ltd.

Authorized to Provide Professional
Services to:                Zivko Knezovic

Date of Retention:                September 12, 2016

Period for Which Compensation and
Reimbursement is Sought:                September 12, 2016 through May 15, 2018

Amount of Compensation Sought as
Actual, Reasonable and Necessary:                $77,502.50

Amount of Expense Reimbursement
Sought as Actual, Reasonable and
Necessary:                $2,764.71

Type of Fee Application:                First and Final Fee Application

This is W&A's first and final Fee Application.  No prior monthly fee statements or Fee

Applications have been filed.

6

Dated: May 15, 2018

Respectfully submitted,

**ARIEL WEISSBERG AND WEISSBERG AND ASSOCIATES, LTD.** Applicants


By:_____/s/ Ariel Weissberg_____
   One of their attorneys


Ariel Weissberg, Esq. (03125591)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605
T. (312) 663-0004
F. (312) 663-1514
F. 312-663-1514

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 16-29208 |
| | ) | Hon.  Pamela S. Hollis |
| ZIVKO KNEZOVIC, | ) | Room 644 |
| | ) | |
| Debtor. | ) | Hearing Date:  June 7, 2018 |
| | ) | Hearing Time: 10:00 a.m. |

**FIRST AND FINAL FEE APPLICATION FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE ATTORNEYS OF WEISSBERG AND ASSOCIATES, LTD., COUNSEL TO ZIVKO KNEZOVIC, FOR THE PERIOD FROM SEPTEMBER 12, 2016 THROUGH MAY 15, 2018**

NOW COME Ariel Weissberg and the law firm of Weissberg and Associates, Ltd. (collectively, "W&A" or "Applicants"), counsel to Zivko Knezovic ("Debtor"), Debtor and Debtor-in-Possession in the above-captioned Chapter 11 case (the "Case"), pursuant to Section 331 of Title 11 of the United States Code (the "Bankruptcy Code"), hereby request that this Court enter an order (a) allowing and approving $77,502.50 in final fee compensation for Applicants for legal services from September 12, 2016 through May 15, 2018 (the "Application Period"); (b) allowing and approving $2,764.71 as reimbursement for costs and expenses incurred by Applicants in connection with this case during the Application Period, and (c) authorizing and directing Debtor to pay Applicants $64,408.71 in fees and expenses, which represents the total amount requested pursuant to this Final Fee Application (the "Final Fee Application").  Applicants received an Advanced Payment Retainers of $15,858.50 from Debtor on September 12, 2016.

In support of this Final Fee Application, W&A states as follows:

## I.   JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating Procedure

15(a) of the United States District Court for the Northern District of Illinois.

2.      Venue of this Case and this Application is proper in this District pursuant to 28

U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28

U.S.C. § 157(b)(1) and (b)(2)(A) and (O).

3.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 330 and 503.

## II.   INTRODUCTION

This is the Application of Ariel Weissberg and the law firm of Weissberg and Associates,

Ltd. for an allowance of final compensation in the sum of $77,502.50 and expense

reimbursement in the sum of $2,764.71, aggregating $80,267.21, pursuant to 11 U.S.C. Section

330 and Federal Rules of Bankruptcy Procedure 2016, for allowance of final compensation and

reimbursement of expenses.

## III.   HISTORY AND PRESENT STATUS OF THE CASE

4.      On September 12, 2016, Debtor filed a voluntary petition in the United States

Bankruptcy Court for the Northern District of Illinois, Eastern Division seeking to reorganize

under Chapter 11 of the Bankruptcy Code.  Since then, Debtor has been managing his assets as a

debtor-in-possession.

5.      On October 6, 2016, the Court entered an order (the "Employment Order"),

authorizing Debtor to employ and retain Applicants as legal counsel to Debtor in connection with

the Case, *non pro tunc* to September 12, 2016 (Docket No. 43).

## IV.    THE NATURE AND EXTENT OF THE SERVICES RENDERED AND COSTS INCURRED

6.      Applicants present this Final Fee Application for allowance of final compensation pursuant to §330 of the Code for Professional Services rendered from September 12, 2016 through May 15, 2018, and for reimbursement of expenses incurred during this period. All services for which compensation is requested by Applicants was in connection with this case; were in connection with Debtor's performance of his duties prescribed by the Code or were rendered pursuant to order of the Court.

9.      The Employment Order authorized Applicants to perform legal services that are necessary to assist Debtor in connection with Debtor's reorganization efforts.

10.      The Employment Order authorized W&A to perform legal services that are necessary to assist the Debtor in connection with the Debtor's reorganization efforts. Specifically, W&A are authorized to perform the following services for the Debtor:

        a.     advise the Debtor with respect to its powers and duties as Debtor and Debtor-in-possession as he manages his properties;

        b.     attend Initial Debtor Interview, First Meeting of Creditors, meet and negotiate with representatives of creditors of the Debtor and other parties in interest, and advise and consult with the Debtor on the conduct of the Case, including with respect to the legal and administrative requirements of operating a business in Chapter 11;

        c.     Preparing Debtor for court proceedings;

        d.     advise the Debtor in connection with the possible sale of property;

        e.     advise the Debtor on matters relating to the assumption or rejection or

assignment of unexpired leases and executory contracts;

f.    advise the Debtor with respect to legal issues arising in or relating to the

Debtor's ordinary course of business, including, without limitation,

banking, insurance, corporate, and contracts;

g.    take all necessary action to protect and preserve the Debtor's estate;

h.    To take such action as may be necessary with reference to claims that may

be asserted against Debtor, and to prepare, on behalf of Debtor, such

applications, motions, complaints, orders, reports and other legal papers as

may be necessary in connection with this proceeding and to perform all

other legal services for Debtor necessary to the administration of the

Debtor's estate;

i.    participate in meetings with Debtor, and meet with and negotiate with

parties other than the Debtor in connection with the above-referenced

matters;

j.    appear before this Court and other courts to protect the interests of the

Debtor's estate; and

k.    perform all other necessary and legal services for the Debtor in connection

with the case.

11.    As the Debtor's counsel, W&A performed a variety of legal services during the

Application Period, a breakdown of which is attached hereto as **Exhibit 1**, and which have been

subdivided into the following matters:

| Matter Description | Hours | Amount Billed |
| --- | --- | --- |

| | | |
|---|---|---|
| General Administration | 18.75 | $ 8,237.50 |
| Relations with Urban Partnership Bank | 73.90 | $21,880.00 |
| Cash Collateral Matters | 20.85 | $ 8,275.00 |
| Plan and Disclosure Statement | 18.30 | $ 8,135.00 |
| Adversary Proceeding against Urban Partnership Bank | 61.20 | $23,690.00 |
| Sale of Debtor's Three Properties | 12.30 | $ 4,735.00 |
| Appeal of Bankruptcy Court Decision | 6.00 | $ 2,550.00 |
| | | |
| **Total:** | **211.30** | **$77,502.50** |

The following attorneys of Applicants rendered services to Debtor during the Application Period, a breakdown of which is attached hereto as **Exhibit 2**:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| | | | |
| Ariel Weissberg, Partner | 107.55 | $450 | $48,397.50 |
| Devvrat Sinha, Associate | 56.00 | $350 | $19,555.00 |
| Rochelle Laxamanna, Associate | 47.75 | $200 | $ 9,550.00 |
| | | | |
| **TOTALS:** | **211.30** | | **$77,502.50** |

12.     The above-referenced hourly rates for legal services are identical to the rates generally charged by W&A to its non-bankruptcy clients.

13.     In addition to rendering $77,502.50 in legal services, W&A incurred $2,764.71 in actual out-of-pocket costs and expenses. W&A attempted to minimize the charges and disbursements associated with the Case.  A summary of the expenses are attached hereto as **Exhibit 3**.

14.     The time expended by W&A in each of the above described billing categories is summarized as follows:

A.     General administration:  20.75 hours of attorney time.

This category is a relatively broad category that encompasses legal work

which  involves a Debtor's compliance with the requirements of §§ 521
("Debtor's Duties") and 1107 of the Bankruptcy Code, and similarly, FRBP
1007, 1009, 2003, 2004, 2015 and 4002.  This work involves the preparation
of Schedules and the Statement of Financial Affairs, preparing the Debtor for
the First Meeting of Creditors ("First Meeting") and the initial Debtor
interview with the Office of the United States Trustee ("IDI"), attending with
the Debtor the IDI and the First Meeting, attending court on matters not
identified below in subparagraphs B through G.

B.    Relations with Urban Partnership Bank:  73.90 hours of attorney time.

This category relates to any matters pertaining to the claims of Urban

Partnership Bank, the major secured creditor of this bankruptcy estate.

C.    Cash Collateral Matters:  18.85 hours of attorney time.

This category relates to cash collateral matters relating to Urban Partnership

Bank.

D.    Plan and Disclosure Statement:  18.30 hours of attorney time.

This category relates to all work on the Debtor's Plan and Disclosure

Statement, and the pursuit of confirmation of the Plan.

E.    Adversary Proceeding against Urban Partnership Bank:  61.50 hours of

attorney time.

This category relates to all litigation matters in the adversary proceeding

captioned as *Zivko Knezovic v. Urban Partnership Bank*, Case No. 16-00715.

F.    Sale of Debtor's Three Properties:  12.30 hours of attorney time.

This category relates to the sale of the real properties commonly known as: (a)

8100 South Loomis, Chicago, Illinois; (b) 1305 West 82nd Street, Chicago,

Illinois; (c); 1332 W. 82nd Street, Chicago, 60620; and, (d) 7928 South

Morgan, Chicago, Illinois.  While the sale of these properties was not

advanced pursuant to Section 363 of the Bankruptcy Code, the Debtor filed

his *Debtor's Motion for Entry of an Order Authorizing the Sale of the*

*Debtor's Interest in Real Property Pursuant to 11 U.S.C. § 363(F)* on

November 8, 2016 (Docket No. 145).

G.    Appeal of Bankruptcy Court Decision:  6.00 hours of attorney time.

This category relates to the appeal of the Order Granting Motion for Summary

Judgment entered on November 3, 2017 (Docket Entry 36) and Order

Denying Motion to Alter or Amend Judgment/Order entered on November 30,

2017 (Docket Entry 40), which is pending in the United States District Court

for the Northern District of Illinois, Eastern Division as Case No. 17-cv-

08991.

15.    A detailed itemization of the professional time expended in this billing category is

attached hereto as **Exhibit 1**.

16.    All of the hours reflected in the Statement were reasonable and necessary to

protect the interests of Debtor, the unsecured creditors and the secured creditors of this estate.

The hourly rate of Ariel Weissberg ($450) is normal and customary.  These services were

necessary to the administration of the estate, and were beneficial to the estate.  The services were

performed within a reasonable amount of time commensurate with the complexity, importance

and nature of the problem, issue or task addressed.  The compensation sought by Applicants is

reasonable based on compensation charged by comparably skilled practitioners in the Greater

Chicago Metropolitan area in other Chapter 11 cases.

17.    Section 330 of the Bankruptcy Code governs compensation of professionals in a

bankruptcy case and provides that, when determining the amount of reasonable compensation to

award to a professional, the Court should consider the nature, extent and value of the services to

the bankrupt estate and all other relevant factors. 11 U.S.C. § 330(a)(3).

18.    In addition, Bankruptcy Rule 2016 provides that "an entity seeking final

compensation for services or reimbursement of necessary expenses, from the estate shall file an

application setting forth a detailed statement of (1) the services rendered, time expended and

expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a).

19.    Bankruptcy courts in this district have stated that "[i]n reviewing fee applications,

the bankruptcy court must address three issues: were the services that are the subject of the

application properly compensable; if so, were they actual and necessary; if so, how will they be

valued?" *In re Lifschultz Fast Freight*, 140 B.R. 482, 485 (Bankr. N.D. Ill. 1992) citing *In re*

*Wildman*, 72 Bankr. 700, 704 (Bankr. N.D. Ill. 1987).

20.    In addition, with respect to expenses, bankruptcy courts in this district have

required that an "[a]pplication should contain a detailed list of expenses including the date, the

type and the amount." *In re Convent Guardian Corp.*, 103 B.R. 937, 939 (Bankr. N.D. Ill. 1989).

In determining whether an expense is necessary, the *Convent Guardian* court stated that "an

expense is necessary if it was incurred because it was reasonably needed to accomplish the

proper representation of the client." *Id*.

21.    The Final Fee Application meets the foregoing requirements. First, W&A's

services are properly compensable. The Court entered the Employment Order which authorized

the retention of W&A as attorneys for the Debtor. Further, the Final Fee Application is being

properly filed pursuant to 11 U.S.C. § 330. W&A's services were necessary to resolve the claims

of creditors, and to confirm the Plan.  Therefore, W&A's services are properly compensable.

*See Lifschultz*, 140 B.R. at 485 (court found that where law firm was properly retained and law firm filed appropriate fee application, law firm's services were "properly compensable").

22.   Second, compensation is proper for services that are actual and necessary. The *Lifschultz* court found that "[s]ervices necessary under section 330 are those services that aid the professional's client in fulfilling its duties under the Code." *Id*. Further, "[n]ecessary services have always included services that aid in the administration of the case and help the client fulfill duties under bankruptcy law, whether or not those services result in a monetary benefit to the estate." *Id*. The services provided by W&A were actual and necessary.  Again, W&A's services were "actual and necessary" to achieve confirmation of the Plan.  As set forth in this Final Fee Application, W&A's attorneys have provided numerous services to the Debtor on a daily basis.

23.   Third, "[o]nce the court has determined that the services for which compensation is sought were properly compensable and actual and necessary, it must determine the value of those services." *Id*. at 488. That is, "the court must evaluate what the 'actual, necessary services' were worth to the client, based upon the five criteria listed in section 330(a)(1)." *Id*. At 488. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested herein by W&A is fair and reasonable, and fairly represents the value the Debtor received from W&A's services, given: (i) the nature of the Case, (ii) the novelty and complexity of the Case, (iii) the time and labor required to represent the Debtor effectively, (iv) the time limitations imposed by the Case, (v) the nature and extent of the services rendered, (vi) W&A's experience, reputation and ability, (vii) the value of W&A's services, and (viii) the cost of comparable services other than in a case under title 11 of the United States Code.

24.   Other than as provided in 11 U.S.C. 504(b), Applicants have not agreed to share, any compensation or reimbursement received as a result of this case with any person, firm or

entity.  No agreement or understanding exists between your Applicants and any other person,

firm or entity concerning the sharing of compensation or expense reimbursement received, or to

be received on account of this case.  No promises concerning compensation or expense

reimbursement have been made to Applicants by any person, firm or entity.  The sole and

exclusive source of compensation and expense reimbursement shall be funds of this estate.

25.    The services rendered and described above provided a substantial benefit to the

Debtor's estates and is fair and reasonable, pursuant to 11 U.S.C. 330 and Bankruptcy Rule

2016.  The reasonable value of services rendered by W&A from September 12, 2016 through

May 15, 2018, giving due consideration to the nature, extent and value of services rendered, the

time which has been fairly and properly expended, the quality and skill for which the situation

called, the risk and contingency of nonpayment and the cost of comparable services other than in

a case under Chapter 11, and the results achieved in this Case, is $64,408.71. Based on the

hourly charges of W&A, as set forth above, W&A requests that this Court determine and allow

$77,502.50 as final compensation and $2,764.71 for reimbursement of W&A's reasonable out of

pocket expenses, less application of the Advanced Payment Retainer received in the amount of

$15,858.50.

26.    In addition to the foregoing, attached hereto as **Exhibit 4** is the Declaration of

Ariel Weissberg in support of this Final Fee Application.

## V.    NOTICE

27.    No prior request for the relief requested by this Application has been made to this

Court or any other court.

28.    A notice advising of the hearing on this application has been transmitted to all

creditors on May 15, 2016.   A copy of the notice is appended hereto. Creditors that have filed an

appearance in the case and that receive notice to the ECF system have been provided with a copy

of this entire application.

WHEREFORE, Ariel Weissberg and the law firm of Weissberg and Associates, Ltd.

respectfully request that the Court enter an order:

(a)     Allowing and approving (i) $77,502.50 in final compensation for W&A's legal

services during the Application Period; and (ii) $2,764.71 as reimbursement for

costs and expenses incurred by W&A during the Application Period;

(b)     Directing the Debtor to pay W&A $64,408.71 in fees and expenses, which

represents the total amount requested pursuant to this First and Final Fee

Application, after application of the Advanced Payment Retainer paid to W&A in

the amount of $15,858.50; and

(c)     Granting such other and further relief as the Court deems just and proper.

Dated:  May 15, 2018                      Respectfully submitted,

                                          **ARIEL WEISSBERG AND WEISSBERG AND
                                          ASSOCIATES, LTD.** Applicants


                                          By:_____/s/ Ariel Weissberg_____
                                                  One of their attorneys


Ariel Weissberg, Esq. (03125591)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605
T. (312) 663-0004
F. (312) 663-1514